**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Alloric Tewan Lane, | ) | |
| | ) | |
| Petitioner, | ) | 4:06-cv-00069-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

On January 6, 2006, pursuant to 28 U.S.C. §2255, the petitioner commenced this pro se action attacking his guilty plea and sentence. On January 13, 2006, the Government moved for summary judgment. On January 18, 2006, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure and informing the petitioner that he must adequately respond within 34 days of the date of the order. On February 15, 2006, the petitioner responded to the government's motion. This matter is now before the Court for disposition.

On March 24, 1997, the petitioner pled guilty to conspiracy "to distribute and to possess with intent to distribute, 50 grams or more of cocaine base, commonly known as crack cocaine" in violation of 21 U.S.C. §§841(a) and 846. On October 27, 1997, the Court sentenced the petitioner to 168 months in prison, followed by 5 years supervised release. On November 12, 1997, the petitioner filed a notice of appeal. On November 14, 1997, the Court entered judgment. The Fourth Circuit Court of Appeals affirmed the petitioner's guilty plea and sentence. On September 8, 1998, the mandate was issued. The petitioner did not petition the Supreme Court for certiorari within 90 days.

The petitioner alleges that his sentence violates the principles set forth by the Supreme

Court in United States v. Booker, 543 U.S. 220 (2005). The petitioner also alleges that his sentence was improperly enhanced.

On April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2255 was amended to provide for a statute of limitations period:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or errors presented could have been discovered through the exercise of due diligence.

The Court entered judgment against the petitioner on November 14, 1997. On September 8, 1998, the Fourth Circuit Court of Appeals issued its mandate. "Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). In this case, the petitioner chose to allow the time to file certiorari to expire. Therefore, the petitioner's conviction became final in December of 1998. The petitioner filed this action on January 6, 2006, approximately seven years later. Consequently, his petition is time-barred.

The petitioner attempts to avoid the time limitations set forth above by claiming that the

Supreme Court recognized a new right in Booker and that the right became retroactively applicable. The Supreme Court clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 225. Subsequent to the decision in Booker, the Fourth Circuit ruled that Booker "is not available for post-conviction relief for federal prisoners, . . . whose convictions became final before Booker . . . was decided." United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Therefore, Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005, and the one year limitations period did not begin to run when the Supreme Court issued its opinion in Booker.

The Court therefore grants the government's motion for summary judgment and dismisses this petition as untimely.

**AND IT IS SO ORDERED**.

*C. Weston Houck*
_____

**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 31, 2006
Charleston, South Carolina